**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**GREAT FALLS**

_____

| | |
|---|---|
| JOHN GERALD McCREARY, | Cause No. CV-06-06-GF-SEH-RKS |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE |
| CROSSROADS CORRECTIONAL CENTER - CCA; CORRECTIONS CORPORATION OF AMERICA; SAM STEWART YARBRO; JIM MacDONALD; LT. LARCHECK, | JUDGE TO DISMISS COMPLAINT WITHOUT PREJUDICE |
| Defendants. | |

_____

This matter is before the Court on Plaintiff John McCreary's Complaint filed pursuant to

42 U.S.C. § 1983 seeking damages based upon allegations of constitutional violations while he

was incarcerated at Crossroads Correctional Center.  (Document 2).  On September 29, 2006,

counsel entered a Notice of Appearance on behalf of Plaintiff and sought additional time in

which to file an amended complaint. (Document 8).  On October 5, 2006, the Court granted this

extension and allowed Plaintiff until November 9, 2006 to file an amended complaint.  No

amended complaint has been filed.

On January 31, 2007, this Court issued an Order for Plaintiff to show cause, within ten

(10) days, why the case should not be dismissed pursuant to Rule 41(b) of the Federal Rules of

Civil Procedure for failure to comply with Court orders, failure to prosecute and/or for failure to

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

pay the full filing fee of $250.00 or submit an amended application to proceed in forma pauperis

demonstrating his current financial status.

The Court has received no response from Plaintiff.

The trial court has discretion under Fed. R. Civ. P. 41(b) in dismissing an action for

failure to comply with a court order.  Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170

(9th Cir. 1975).  However, the Court must consider the following factors before imposing a

dismissal as a sanction for failure to prosecute or failure to comply with a court order:  (1) the

public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

(3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic

alternatives; and (5) the public policy favoring disposition of cases on their merits.  Pagtalunan

v. Galaza, 291 F.3d 639 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th

Cir. 1992)); see also Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996);

Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam),

cert. denied, 479 U.S. 829 (1986).

"The public's interest in expeditious resolution of litigation always favors dismissal."

Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  Given Plaintiff's failure to

respond to two of the Court's prior Orders, this factor weighs in favor of dismissal.

"The trial judge is in the best position to determine whether the delay in a particular case

interferes with docket management and the public interest."  Pagtalunan, 291 F.3d 639 (citing

Yourish, 191 F.3d 983).  Plaintiff is represented by counsel in this matter and yet has failed to

comply with two prior Court orders and has failed (as directed) to either pay the full filing fee of

$250.00 or submit an amended application to proceed in forma pauperis demonstrating his

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

current financial status. Without compliance with Court's Orders, the Court cannot manage its

docket. See Yourish, 191 F.3d at 990-91 (finding this factor "strongly favored" dismissal where

plaintiffs' failure to timely amend complaint had caused "the action to come to a complete halt"

and had allowed plaintiffs "to control the pace of the docket rather than the Court"). Therefore,

this factor favors dismissal.

"To prove prejudice, a defendant must establish that plaintiff's actions impaired

defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the

case." Malone v. United States Postal Service, 833 F.2d 128, 131 (9th Cir. 1987). Defendants

have not been served in this matter. However, this case was filed nearly a year and a half ago

and involves incidents which occurred in March 2005. Plaintiff has filed nothing in this action

since counsel filed their Notice of Appearance in September 2006. (Document 8). Any further

delay will only serve to increase the likelihood that evidence in support of the defense will be

lost due to passage of time, and will unreasonably delay the progress of the action, thereby

prejudicing defendants, who are entitled to a prompt resolution of the allegations against them.

See Pagtalunan, 291 F.3d at 643 ("Unneccessary delay inherently increases the risk that

witnesses' memories will fade and evidence will become stale."); see also Yourish, 191 F.3d at

991-992 (noting "unreasonable delay" may constitute prejudice to defendant). Given Plaintiff's

failure to comply with the Court's Orders, the matter could linger indefinitely and prejudice

Defendants.

The Court has considered the possibility of less drastic alternatives. Alternatives may

include "allowing further amended complaints, allowing additional time, or insisting that

appellant associate experienced counsel." Nevijel v. North Coast Life Insurance Co., 651 F.2d

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3

671, 674 (9th Cir. 1981).  Although the court should consider less drastic alternatives to a

dismissal, the court is not required to exhaust all such alternatives prior to dismissal.  Id.  Here,

Plaintiff initiated this case as a pro se prisoner.  Unlike most pro se prisoners he was able to

retain counsel in this matter.  The Court has given Plaintiff and his counsel an opportunity to file

an amended complaint, an extension of time in which to file such a complaint, and an

opportunity to show cause why the case should not be dismissed for failure to comply with the

Court's Order to either pay the full filing fee or submit an amended application to proceed in

forma pauperis.  Plaintiff and his counsel have refused to respond to the Court's Orders.

The last factor weighs against denial of the petition because public policy favors the

disposition of cases on their merits.  Pagtalunan, 291 F.3d 639 (citing Hernandez v. City of El

Monte, 138 F.3d 393, 399 (9th Cir. 1998)).  However, the Court finds that the other four factors

weigh in favor of dismissal and therefore dismissal is an appropriate sanction in this matter.

Accordingly, it being found that Plaintiff has failed to comply with the Court's Order to

either pay the full filing fee or to submit an amended application to proceed in forma pauperis,

Plaintiff having failed to respond to the Court's Order to Show Cause and the Court finding that

the relevant factors weigh in favor of dismissing the Complaint filed pursuant to 42 U.S.C.

1983, the Court enters the following:

## RECOMMENDATION

That Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED**

**WITHOUT PREJUDICE**.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 4

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon Plaintiff.  Plaintiff is advised that pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation.  Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the date this Findings and Recommendation is signed, or objection is waived.

DATED this 17th day of April, 2007.


/s/ Keith Strong
Keith Strong
United States Magistrate Judge